# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| WANDA E. SMITH-JETER,<br><br>Plaintiff,<br><br>v.<br><br>ARTSPACE EVERETT LOFTS CONDOMINIUM ASSOCIATION,<br><br>Defendant. | NO. C17-1857-JPD<br><br>ORDER DIRECTING CLERK TO IDENTIFY PRO BONO COUNSEL AND LCR 39.1 NEUTRAL FOR EARLY ADR PROCEEDINGS |

This matter comes before the Court *sua sponte* following an April 26, 2018 status conference with the parties in this matter. Dkt. 23. During the status conference, both parties expressed interest in participating in the Court's early alternative dispute resolution ("ADR") procedure pursuant to LCR 39.1, and plaintiff advised the Court that she would like to be represented by pro bono counsel during those proceedings. Having reviewed plaintiff's amended complaint, defendant's answer, the "Plan of the U.S. District Court for the W.D. of Washington for the Representation of Pro Se Litigants in Civil Rights Actions" (the "Pro Bono Plan"), and the balance of the record, the Court GRANTS plaintiff's request for appointment of counsel for the limited purpose of (1) helping plaintiff file a second amended complaint that clarifies her claims and names the correct parties; and (2) conducting an early ADR procedure pursuant to LCR 39.1.

ORDER - 1

Generally, the decision to appoint pro bono counsel rests within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corrections Corp. of America,* 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved. *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986). These factors must be viewed together before reaching a decision on a request for counsel. *Id.* At this early stage of litigation, plaintiff has failed to demonstrate that exceptional circumstances warrant the appointment of counsel for the duration of the case. However, the Court also finds that the unique circumstances of this case indicate that the interests of justice will best be served if counsel from the Western District Pro Bono Panel is appointed to represent the plaintiff during an early ADR procedure pursuant to LCR 39.1.

In making this finding, the undersigned has considered the nature and complexity of plaintiff's factual and legal claims. The undersigned finds that the *pro se* plaintiff, defendant, and the Court will all benefit from appointed counsel's assistance in improving communication between the parties, limiting, narrowing or simplifying the issues in dispute via the filing of a second amended complaint, and potentially achieving settlement of some or all issues between the parties through an early ADR procedure.

The parties are directed to read and comply with the deadlines and procedures outlined in § 3(g)-(i) of the Pro Bono Plan.[1] Specifically, following entry of the Order of Appointment by the undersigned, the Clerk shall send the appointed attorney a Notice of Appointment and Interim Notice of Appearance, which shall include a statement that defense counsel must only communicate with the appointed attorney, and not the plaintiff, in accordance with Rules 4.2(b) and 4.3(b) of the Washington Rules of Professional Conduct. *See* Pro Bono Plan § 3(g).

---

[1] The Pro Bono Plan is available on the Court's website via links to "Attorneys" and "Pro Bono Panel" (www.wawd.uscourts.gov/attorneys/pro-bono-panel).

ORDER - 2

The Clerk's Notice of Appointment and Interim Notice of Appearance also suspends the provisions of LCR 16(a) and (d) requiring a scheduling conference, joint status report, and scheduling order, until completion of the ADR proceedings. *See* Pro Bono Plan § 3(i).

As soon as practical following appointment, pro bono counsel is directed to confer with the plaintiff regarding the ADR procedures available under LCR 39.1(a)(3). Pro bono counsel shall then meet and confer with opposing counsel to develop a plan for an early ADR procedure, and shall attempt to reach agreement on the factors listed in § 3(i)(iv)(A)-(E). The parties are advised that they are required to submit a Joint Pro Bono ADR Status Report addressing these factors not later than twenty (20) days following the Clerk's Notice of Appointment and Interim Notice of Appearance. *See* Pro Bono Plan to § 3(i)(v).

Unless otherwise ordered, the early ADR procedure shall be completed not later than seventy-five (75) days following the Clerk's Notice of Appointment and Interim Notice of Appearance. *See* Pro Bono Plan § 3(i)(vii). Upon completion of the ADR procedure, appointed counsel shall submit a report to the Court and opposing counsel stating (1) when the ADR procedure occurred, and (2) whether the case settled as to some or all issues.[2] Following submission of this report, appointed counsel's limited representation shall be deemed complete, and counsel may submit a proposed order terminating the limited representation. At that time, appointed counsel may move for an award of attorney's fees under any applicable authority, although the Court is unable to assure counsel of compensation.

Accordingly, the Clerk of the Court is DIRECTED to identify counsel from the Pro Bono Panel to represent plaintiff for the limited purpose of helping plaintiff file a second amended complaint and conducting an early ADR procedure pursuant to LCR 39.1. Upon notification from the Clerk, the undersigned shall appoint the selected attorney to represent the

---

[2] If the ADR procedure was a mediation, however, the mediator's report required by LCR 39.1(c)(6) will serve in lieu of appointed counsel's report.

ORDER - 3

plaintiff in early ADR proceedings in this case.  Finally, the Clerk is directed to send a copy of this Order and § 3(g)-(i) of the Pro Bono Plan to plaintiff and counsel for defendant.

DATED this 26th day of April, 2018.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

ORDER - 4